STATE OF MAINE

KENNEBEC, ss.


PRESTON COOPER,

      Petitioner

     v.

STATE OF MAINE,

      Respondent

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2004 JAN 13 A 8: 04

MARY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-04-93, 94

DECISION ON PETITION
FOR POST-CONVICTION
REVIEW


This matter comes before the court on the petition of Preston Cooper for post-conviction review pursuant to 15 M.R.S.A. §§ 2121-2130. The procedural history of Mr. Cooper's convictions[1] is well set out in the Post-Conviction Assignment Order dated April 15, 2004, and will be incorporated herein. Suffice it to say that Cooper seeks review of his convictions, particularly with regard to the sentences on charges of eluding an officer and unlawful trafficking in schedule W drugs. These sentences were ordered to be served consecutively, with the effect that Cooper would serve a total of six years followed by a four-year period of probation. The petitioner's original petition has been amended and his original attorney has been replaced, factors which have led to some ambiguity as to the petitioner's grounds for post-conviction review. However, judging by the petitioner's own testimony at hearing, it appears that his current concerns involve confusion at the time of sentencing as to what was going on and a belief that he received ineffective assistance by appointed counsel.

     Testimony was taken from the petitioner and his previous attorney. The parties also stipulated as part of the record transcripts of the proceedings pursuant to M.R.

---

[1] This single decision incorporates petitions filed on two convictions of Mr. Cooper. *See* footnote 1 of the Post-Conviction Assignment Order.

Crim. P. 11 and the sentencing hearing. In addition, admitted by agreement was a series of five pieces of correspondence between the Assistant Attorney General, the petitioner and the petitioner's attorney, all of which has been considered by the court in making its decision.

With regard to the petitioner's first argument – that he was confused concerning the sentencing process and did not receive a sentence in accordance with an agreement – this argument is belied by the correspondence and transcripts. The correspondence labeled plaintiff's exhibits 1-5 show a progression of negotiation between defense counsel and the State and defense counsel's detailed explanation to the petitioner. It would strain credulity to believe that anyone would believe that he was going to receive a two-year sentence in light of the correspondence exchange. At the time of sentencing, the court clearly announced a sentence which involved a mixture of concurrent and consecutive sentences which would result in the petitioner serving six years, followed by four years of probation. If the court's explanation of the sentence was not sufficiently clear, that problem was alleviated by the petitioner's attorney at the end of the sentencing as follows:

> Mr. Campbell:     Judge, the total sentence actually in terms of time served that has been imposed I understand is a six-year time, that would be for credit for time served?
>
> The Court:     Six years and, obviously, credit for time served, yes.
>
> Mr. Campbell:     As a practical matter, four years of probation and four years suspended?
>
> The Court:     Correct.

Neither at this time nor during his extended allocution, did the petitioner ever mention any specific agreement or understanding on his part that he was going to receive only a

two-year sentence. The petitioner has simply failed to sustain his burden of proof on this issue.

On the second issue – ineffective assistance of counsel – the court has also relied upon the correspondence and the transcripts, as well as testimony by the witnesses. The standard of review in a post-conviction case involving alleged ineffective assistance of counsel is the following. The petitioner must demonstrate first that the performance of the trial attorney was below that of an ordinary fallible attorney, and second, that the attorney's performance deprived him of a substantial ground of defense or likely affected the outcome of the trial. *State v. Brewer*, 1997 ME 177, ¶¶ 19-20, 699 A.2d 1139, 1144. In the context of a plea situation, the "prejudice" inquiry becomes whether there is "a reasonable probability (probability sufficient to undermine confidence in the outcome) that, but for such ineffective representation the defendant would not have pleaded guilty and would have insisted on going to trial." *Laferriere v. State*, 1997 ME 169, ¶¶ 17-18, 697 A.2d 1301; *Aldus v. State*, 2000 ME 47, ¶¶ 13-20, 748 A.2d 463, 468, 471. In applying two-prong test, the United States Supreme Court has noted,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at that time . . . . There are countless ways to provide effective assistance in any given case. Even the best criminal attorneys would not defend a particular client in the same way.

*Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. 2052, 8 L.Ed.2d 674 (1984).

Looking at the present case, the court finds neither of the prongs of the test has been satisfied. With regard to the "performance" prong, the record is clear that defense counsel engaged vigorously in negotiations with the State and made what might be

considered an impassioned argument to the court at the time of sentencing. The attorney is highly experienced in such matters, and there is no evidence at any time that he failed to communicate with the petitioner or misrepresent the State's position. The attorney even showed care in making certain of the combined effect of the sentences. With regard to the "prejudice" prong, there is no evidence other than petitioner's self-serving testimony at hearing that he would have insisted on a trial if he did not receive a two-year sentence. A review of the documents shows that there was no serious discussion of even the possibility of a two year sentence. The petitioner fails the test on both prongs.

For the reasons stated above, the entry will be:

Petition DENIED.

Dated: January 12, 2006

S. Kirk Studstrup
Justice, Superior Court

PRESTON COOPER
                vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2004-00094

**DOCKET RECORD**

PL. DOB: 06/07/1964
PL. ATTY: CAROL WEBB                                    State's Attorney: EVERT FOWLE
          LAW OFFICES OF CAROL J. WEBB
          237 MAIN ST
          WATERVILLE ME 04901
          APPOINTED 01/13/2005
PL. ATTY: DAVID PARIS
          72 FRONT STREET
          BATH ME 04530-2657
          WITHDRAWN 11/18/2004

Filing Document: PETITION                        Major Case Type: POST CONVICTION REVIEW
Filing Date: 03/15/2004

## Charge(s)

## Docket Events:

03/15/2004 FILING DOCUMENT -  PETITION FILED ON 03/15/2004

03/15/2004 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 03/15/2004

04/27/2004 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 04/27/2004
           E ALLEN HUNTER , JUSTICE
           CASE ASSIGNED TO THE REGULAR CRIMINAL DOCKET, ; CONDITIONAL APPOINTMENT OF COUNSEL; TIME
           LIMITS ESTABLISHED.                                    COPY TO COUNSEL
04/29/2004 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 04/29/2004
           S KIRK STUDSTRUP , JUSTICE
04/29/2004 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 04/28/2004

04/29/2004 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/28/2004
           S KIRK STUDSTRUP , JUSTICE
           COPY TO PARTIES/COUNSEL
04/29/2004 Party(s): PRESTON COOPER
           ATTORNEY -  APPOINTED ORDERED ON 04/28/2004

           Attorney: DAVID PARIS
05/14/2004 ORDER -  TRANSCRIPT ORDER FILED ON 05/14/2004

07/02/2004 OTHER FILING -  TRANSCRIPT FILED ON 07/02/2004

           TRANSCRIPT OF RULE 11
07/08/2004 OTHER FILING -  TRANSCRIPT FILED ON 07/08/2004

           TRANSCRIPT OF SENTENCING
08/04/2004 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 08/04/2004

11/16/2004 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 11/16/2004

01/24/2005 Party(s): PRESTON COOPER

ATTORNEY -  WITHDRAWN ORDERED ON 11/18/2004


           Attorney:  DAVID PARIS
01/24/2005 Party(s):  PRESTON COOPER
           ATTORNEY -  APPOINTED ORDERED ON 01/13/2005


           Attorney:  CAROL WEBB
09/20/2005 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 10/25/2005 @ 1:00

           NOTICE TO PARTIES/COUNSEL
10/27/2005 HEARING -  EVIDENTIARY HEARING HELD ON 10/25/2005
           S KIRK STUDSTRUP , JUSTICE
           Attorney:  CAROL WEBB
           DA:  JAMES CAMERON          Reporter:  JANETTE COOK
           Defendant Present in Court
10/27/2005 CASE STATUS -  DECISION UNDER ADVISEMENT ON 10/25/2005
           S KIRK STUDSTRUP , JUSTICE


A TRUE COPY
ATTEST: _____
                    Clerk

PRESTON M COOPER
    vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2004-00093

## DOCKET RECORD

PL. DOB: 06/07/1964
PL. ATTY: CAROL WEBB                          State's Attorney: LARA NOMANI
         LAW OFFICES OF CAROL J. WEBB
         237 MAIN ST
         WATERVILLE ME 04901
         APPOINTED 01/13/2005
PL. ATTY: DAVID PARIS
         72 FRONT STREET
         BATH ME 04530-2657
         WITHDRAWN 11/18/2004

Filing Document: PETITION                    Major Case Type: POST CONVICTION REVIEW
Filing Date: 03/15/2004

## Charge(s)

## Docket Events:

03/15/2004 FILING DOCUMENT -  PETITION FILED ON 03/15/2004

03/15/2004 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 03/15/2004

04/27/2004 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 04/27/2004
          E ALLEN HUNTER , JUSTICE
          CASE ASSIGNED TO THE  REGULAR CRIMINAL DOCKET; CONDITIONAL APPOINTMENT OF  COUNSEL; TIME
          LIMITS ESTABLISHED.                                COPY TO COUNSEL.
04/29/2004 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 04/29/2004
          S KIRK STUDSTRUP , JUSTICE
04/29/2004 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 04/28/2004

04/29/2004 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/28/2004
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
04/29/2004 Party(s):  PRESTON M COOPER
          ATTORNEY -  APPOINTED ORDERED ON 04/28/2004

          Attorney:  DAVID PARIS
05/14/2004 ORDER -  TRANSCRIPT ORDER FILED ON 05/14/2004

          COPY OF ORDER SENT TO JANET COOK AND TIMOTHY THOMPSON
07/02/2004 OTHER FILING -  TRANSCRIPT FILED ON 07/02/2004

          TRANSCRIPT OF RULE 11
07/08/2004 OTHER FILING -  TRANSCRIPT FILED ON 07/08/2004

          TRANSCRIPT OF SENTENCING
08/04/2004 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 08/04/2004

11/16/2004 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 11/16/2004

12/07/2004 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 11/18/2004

COPY TO PARTIES/COUNSEL
01/24/2005 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/13/2005

01/24/2005 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 01/13/2005
        S KIRK STUDSTRUP , JUSTICE
        COPY TO PARTIES/COUNSEL
01/24/2005 Party(s): PRESTON M COOPER
        ATTORNEY - WITHDRAWN ORDERED ON 11/18/2004

        Attorney: DAVID PARIS
01/24/2005 Party(s): PRESTON M COOPER
        ATTORNEY - APPOINTED ORDERED ON 01/13/2005

        Attorney: CAROL WEBB
03/03/2005 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 03/17/2005 @ 1:00

03/03/2005 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 03/03/2005

03/18/2005 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 03/17/2005

03/18/2005 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 03/18/2005
        S KIRK STUDSTRUP , JUSTICE
        Attorney: CAROL WEBB
        DA: LARA NOMANI
        2 HRS. FOR HEARING. WITNESSES ANDREWS CAMPBELL AND PRESTON COOPER. CASES CR04-93 AND
        CR04-95 CONSOLIDATED FOR HEARING WITHOUT OBJECTION.
09/20/2005 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 10/25/2005 @ 1:00

        NOTICE TO PARTIES/COUNSEL
10/06/2005 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 10/06/2005

        CERTIFIED COPY TO SHERIFF DEPT.
10/27/2005 HEARING - EVIDENTIARY HEARING HELD ON 10/25/2005
        S KIRK STUDSTRUP , JUSTICE
        Attorney: CAROL WEBB
        DA: JAMES CAMERON          Reporter: JANETTE COOK
        Defendant Present in Court
10/27/2005 CASE STATUS - DECISION UNDER ADVISEMENT ON 10/25/2005
        S KIRK STUDSTRUP , JUSTICE
01/03/2006 OTHER FILING - COUNSEL VOUCHER FILED ON 12/23/2005

        Attorney: CAROL WEBB
01/03/2006 OTHER FILING - COUNSEL VOUCHER APPROVED ON 12/30/2005
        S KIRK STUDSTRUP , JUSTICE
01/17/2006 FINDING - DENIED ENTERED BY COURT ON 01/13/2006
        S KIRK STUDSTRUP , JUSTICE
        DECISION ON PETITION FOR POST CONVICTION REVIEW. PETITION DENIED

A TRUE COPY
ATTEST: _____
                Clerk